**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAWN JAMES HAMILTON, | : | Civil No. 3:20-cv-1476 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT ESTOCK, *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Shawn James Hamilton ("Hamilton") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction

imposed in the Court of Common Pleas of Luzerne County, Pennsylvania.  (Doc. 1).  For

the reasons discussed below, the Court will dismiss the petition as untimely.

I.    **Background**

On October 24, 2012, Hamilton was charged with three counts of criminal homicide,

one count of criminal attempt to commit criminal homicide, and four counts of robbery in

connection with a shooting that occurred on July 7, 2012.  *See Commonwealth v. Hamilton*,

https://ujsportal.pacourts.us, electronic docket number CP-40-CR-0003751-2012.

Approximately two months later, on December 13, 2012, Hamilton was charged with one

count of criminal homicide in connection with a shooting that occurred on July 6, 2012.  *See*

*Commonwealth v. Hamilton*, https://ujsportal.pacourts.us, electronic docket number CP-40-

CR-0000099-2013.

On December 20, 2013, Hamilton pled guilty to three counts of first-degree murder and one count of criminal attempt to commit criminal homicide on information 3715 of 2012. (Doc. 14-1, pp. 26-49, Transcript of Guilty Plea).  Hamilton also pled guilty to one count of first-degree murder on information 99 of 2013.  (*Id.*).  Hamilton waived his right to a pre-sentence investigation and was immediately sentenced.  (*Id.*).  On December 20, 2013, the trial court imposed four life sentences on the first-degree murder pleas, and a twenty to forty-year sentence on the criminal attempt plea.  (*Id.*).  All sentences were ordered to run consecutive.  (*Id.*).  Hamilton did not file a direct appeal.

On April 24, 2014, Hamilton filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 14-1, pp. 65-78, Transcript of PCRA Hearing).  Counsel was appointed to represent Hamilton and filed a supplement to the PCRA petition.  (*Id.*).  On May 1, 2015, the PCRA court held a hearing.  (*Id.*).  At the hearing, Hamilton only presented testimony regarding allegations of ineffective assistance of counsel.  (*Id.*).  On May 18, 2015, the PCRA court denied relief.  (Doc. 14-1, pp. 108-114, PCRA Court Memorandum and Order).  Hamilton filed an appeal to the Pennsylvania Superior Court.  On May 17, 2016, the Superior Court affirmed the PCRA court's dismissal of the petition.  *Commonwealth v. Hamilton*, 1072 MDA 2015 (Pa. Super.).  Hamilton did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On January 18, 2017, Hamilton filed a petition for writ of habeas corpus ad

subjiciendum.  (Doc. 14-1, p. 162, PCRA Court Opinion).  The PCRA court treated the

petition as a PCRA petition.  (*See id.*).  On July 22, 2019, the PCRA court denied the PCRA

petition.  (*See* Doc. 14-1, p. 170, PCRA Court).  Hamilton filed a timely appeal to the

Pennsylvania Superior Court.  (Doc. 14-1, pp. 164-81, Hamilton's Superior Court Brief).  In

the appeal, Hamilton claimed that the PCRA court erred by denying his petition for relief

without first filing a notice pursuant to Pennsylvania Rule of Criminal Procedure 907.  (*Id.*).

Hamilton further argued that the PCRA court violated his due process rights by not holding a

hearing pursuant to Pennsylvania Rule of Criminal Procedure 108.  (*Id.*).  On March 30,

2020, the Superior Court affirmed the PCRA court's denial of relief.  *In re Hamilton*, 2020

WL 1515840 (Pa. Super. March 30, 2020).  The Superior Court acknowledged that the

PCRA court failed to issue a Rule 907 notice.  *Id.* at *1-2.  However, the Court held that

Hamilton's petition was patently untimely and neither the lower court nor the Superior Court

had jurisdiction to consider Hamilton's request for relief.  *Id.* at *2.  The Superior Court

further held that because the petition was untimely, the PCRA court's failure to issue a

notice pursuant to Rule 907 did not require reversal.[1]  *Id.*

---

[1]   The PCRA court did not issue Hamilton notice of its intent to dismiss his petition without first
conducting a hearing, as required by Pennsylvania Criminal Rule of Procedure 907.  However, the
Pennsylvania Superior Court has held the "failure to issue Rule 907 notice is not reversible error where the
record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa. Super.
2016) (citation omitted).  Here, the Superior Court's conclusion that Hamilton's PCRA petition was
manifestly untimely rested entirely on state law.  As such, this Court is precluded from reviewing any claim
that Hamilton's rights were violated when the PCRA court did not provide notice of its intent to dismiss the

On June 17, 2020, Hamilton filed the instant federal habeas petition.  (Doc. 1).  On November 30, 2020, Respondents filed a response seeking dismissal of the petition as untimely.  (Doc. 14).  Hamilton did not file a traverse.  Accordingly, this action is ripe for disposition.

## II.    Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

PCRA petition pursuant to Rule 907.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

pending shall not be counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus,

under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become

final until appeals have been exhausted or the time for appeal has expired. *See Nara v.*

*Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Hamilton was sentenced on December 20, 2013. No direct appeal was filed.

Hamilton's time for pursuing a direct appeal expired on January 20, 2014, at which time his

judgment became final. *See Nara*, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-

year period for the statute of limitations commenced running as of that date. Hence, the

federal petition, which was filed on June 17, 2020, is patently untimely. However, the

court's analysis does not end here; consideration of statutory and equitable tolling, and the

actual innocence exception, must be undertaken.

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time

during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)

(emphasis added). Here, the statute of limitations began running on January 20, 2014 and,

absent any tolling, would expire on or about January 20, 2015. However, pursuant to 28

U.S.C. § 2244(d)(2), when Hamilton filed his first PCRA petition on April 24, 2014, the

AEDPA's filing period was statutorily tolled, with 271 days of the one-year filing period

remaining.  The statute remained tolled until June 16, 2016, after the expiration of the thirty-day time period to file a petition for allowance of appeal with the Pennsylvania Supreme Court.  The 271 days remaining in which to file his federal petition expired on March 14, 2017.

During that time, on January 18, 2017, Hamilton filed a petition for writ of habeas corpus ad subjiciendum, which was treated as a PCRA petition.  The state courts found the petition to be untimely.  An untimely PCRA petition is not considered "properly filed" and, therefore, does not toll the statute of limitations.  *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").  *See also Merritt v. Blaine*, 326 F.3d 157, 167-68 (3d Cir. 2003).  Thus, the PCRA petition filed on January 18, 2017 did not further toll the statute of limitations.

As a result, absent equitable tolling or the applicability of the actual innocence exception, Hamilton's habeas corpus petition filed on June 17, 2020, is more than three years late.

## B.      Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair"

that the doctrine of equitable tolling is to be applied.  *See Merritt*, 326 F.3d at 168.

Generally, a litigant seeking equitable tolling must establish the following two elements: "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or

she exercised reasonable diligence in investigating and bringing the claims.  *See Robinson*

*v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.

*See LaCava*, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have

acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*,

219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.

2000)).

Extraordinary circumstances have been found where (1) the respondent has actively

misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from

asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong

forum, or (4) the court has misled a party regarding the steps that the party needs to take to

preserve a claim.  *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d

Cir. 2005).

Hamilton presents no evidence to account for the delay in seeking relief in federal

court. (*See* Doc. 1).  Nor does he indicate that extraordinary circumstances obstructed his

pursuit of post-conviction relief.  Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### C.    Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome section 2254's limitations period.  *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).  This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Supreme Court has explained that this is an exacting standard.  "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 394-95 (quoting *Schlup*, 513 U.S. at 329).  While a petitioner alleging actual innocence need not prove diligence in order to assert a claim of actual innocence, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."  *Id.* at 399; *see also Schlup*, 513 U.S. at 332 ("The court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence.]").

Here, Hamilton does not assert actual innocence to escape the time bar, his claims cannot be construed as asserting actual innocence, and he makes no reference to any new evidence.  Even more compelling is that Hamilton pled guilty to several counts of first-

degree murder and one count of attempted homicide and admitted under oath that he was guilty of the crimes.  Hamilton cannot now claim actual innocence to invalidate his guilty plea.  *See, e.g.*, *Woldsmit v. Mooney*, 2016 WL 2940449, at *4 (E.D. Pa. Mar. 8, 2016), *report and recommendation adopted*, 2016 WL 2897412 (E.D. Pa. May 18, 2016) (noting that courts have rejected actual innocence where the petitioner pled guilty to the offense *Williams v. Holland*, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on McQuiggin where he pled guilty to the offenses).  As a result, Hamilton cannot overcome the time-bar based on the actual innocence exception.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, a COA will not issue.

## IV.   **Conclusion**

The Court will deny Hamilton's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely.  A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: December ___16___, 2020